## Popp's License

*A. Grant Walker* and *Henry MacDonald*, for appellant.
*Samuel J. Roberts* and *Lyman C. Shreve*, contra.

EVANS, J., July 28, 1941.—This is an appeal by Andrew H. Popp from the refusal of the Pennsylvania Liquor Control Board to grant him a transfer of his liquor license from West Twenty-sixth Street, in the City of Erie, to 362 West Thirty-first Street in the same municipality.

On May 21, 1941, a hearing was set on said application, after notice to applicant, and an order made June 19, 1941, which contained one finding of fact reading as follows:

"The board has received a large number of protests against the issuance of a license for this address, including a petition signed by 160 persons, protesting against

the granting of this license, and also protests from the pastors of two churches also objecting to the granting of the license."

The board then concluded that it has discretion to transfer licenses as it may determine, and on the one fact above quoted reached the opinion that the transfer should not be granted.

On appeal, testimony was taken in this court on July 10, 1941, and at that time many residents in the neighborhood of the new location, including the two pastors referred to in the board's order, appeared and gave testimony to the effect that the district is highly residential; that a restaurant and liquor license is not necessary at that location; that it will be highly detrimental to the community because of the general nature of the business, and that property values will be greatly depreciated. No attempt has been made to question the moral character of the applicant, or the manner in which he conducted his establishment at the former location. It is also admitted that the physical aspects of the new location meet all requirements of the board.

The question here raised is whether or not under sections 403 and 408 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744, the words "as the board may determine", used in section 408, give the board absolute discretion in the granting or refusing of this transfer. A full wording of the passage in the act is:

"Licenses issued under this act may not be assigned. The board is hereby authorized to transfer any license from one person to another, or from one place to another within the same municipality or both, as the board may determine; but no transfers shall be made to a person who would not have been eligible to receive the license originally, nor for the transaction of business at a place for which the license could not originally have been issued lawfully."

To accept the board's version of the meaning of the words in dispute would be to place a strained and unnatural construction thereon. The word "determine" in its common and accepted meaning, as defined in the New Century Dictionary, means to "bound, limit, prescribe, fix, . . . to . . . settle definitely; . . . to decide upon; . . . to conclude from reasoning or investigation. . . ." This is the obvious intent of the legislature in its use of the word in the Liquor Control Act. The Liquor Control Board is an administrative body, with powers designated to it by the Commonwealth, and can act only in accordance with the provisions of the Liquor Control Act, section 408 of which was inserted to the end that licenses might, under certain circumstances, be transferred. This section begins, first, by stating the broad principle that licenses may not be assigned, and then it proceeds to prescribe the methods and circumstances under which transfers can be made by and with the approval of the board. To this end certain situations are outlined. Thus the words "as the board may determine" can only mean that the function of the board is to "decide upon" and to "conclude from reasoning or investigation" whether or not the person and place are properly within the original license restrictions. This section, therefore, read in conjunction with section 403 of the act, brings into bold relief the intention of the legislature.

Section 403 provides, inter alia, that "the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club, may, in its discretion, issue a license: Provided, however, That, in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground, or if such new license or transfer is applied for a place where the principal business is the sale of liquid fuels and oil".

Obviously, if it were the intention to give the board full discretion the act would have so stated and would not have specifically set forth those instances in which the discretion of the board might be exercised. It is unreasonable to assume that the act was intended to give the board wider discretion in the case of a license transfer than it had at the time of the original application.

From this we conclude the Pennsylvania Liquor Control Board has no discretion in granting or refusing the transfer of an existing license, if all the requirements of the Pennsylvania Liquor Control Board have been met. We cannot decide the moral issues involved in this case. In our Commonwealth the will of the people legalizes the sale of intoxicants under certain restrictions. It is not our function to condemn or to approve the will of the people, as expressed in their acts of assembly. It is our duty to interpret the law according to accepted principles of law and equity. The appellate courts of this State have repeatedly held that, where unsatisfactory conditions result from existing law, it is the duty of the legislature, in its expression of the will of the people, through their elected representatives, to legislate the necessary changes, and not the prerogative of the courts to nullify the effect of existing legislation through judicial action.

In this particular case we regret the conclusion that we must necessarily reach, but, as stated by the Court of Quarter Sessions of Lehigh County, in its opinion in In re Appeal of Ontario Tribe No. 280 Improved Order of Redmen, no 73, January sessions, 1941: "The fact that no appeal lies from our decision does not enlarge our power over the act of the legislature. It simply places an additional responsibility upon our shoulders to arrive at a proper conclusion."

We, therefore, cannot agree with the contention of counsel for the Liquor Control Board and counsel for protestants that, the decision of this court being final and one from which no appeal can be taken, we should consider the equities of this particular case and read into the act

absolute discretionary power, which under the provisions of the act is not given. The Pennsylvania Liquor Control Act has been operative since November 1933, and we have been unable to find, nor have any cases been cited us, in which a court of this Commonwealth has assumed such power. On the contrary, the position we have taken is supported by that of Judge Rosen, in Larkin's License, 35 D. & C. 684, as follows:

"The transfer of a license from one location to another is subject to the same conditions as the issuance of a new license for the new location. If the applicant were entitled to a new license for the location in question, he is entitled to a transfer of an existing license, and the board similarly has no discretion in the matter . . . section 403 would seem to us to mean that the duty of the Liquor Control Board to issue a liquor license is mandatory if the applicant has complied with the conditions laid down in the act, and that the board has a discretion only in those cases specifically mentioned in this paragraph of the act, namely, in the case of the issuance of a license to a club, and in the case of the issuance of a new license or the transfer of a license to a new location if the location is within three hundred feet of a church, etc., or the principal business at the location is the sale of liquid fuels and oil. In all other cases the duty of the board is mandatory."

And now, July 28, 1941, for the reason that the Pennsylvania Liquor Control Act makes it mandatory upon the board to transfer the license, the provisions of the act and regulations of the board having been complied with and no discretion to do otherwise being vested in the board; and for the further reason that there is no provision in the law giving the court wider discretion than that vested in the board, and for these reasons only, the order of the board is reversed and it is directed that the transfer of license be issued as applied for.